**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated:  February 6 2017**

Mary Ann Whipple
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.  15-33176 |
| | ) | |
| Francis I. Dumbuya and | ) | Chapter 13 |
| Patricia Dumbuya, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING OBJECTION TO CLAIM

This case is before the court on Debtors' objection to Proof of Claim No. 35 filed by Ocwen Loan Servicing, LLC ("Objection") [Doc. # 133], the response filed by Ocwen Loan Servicing, LLC ("Ocwen") [Doc. # 159], and Debtors' reply [Doc. # 161].  The court held a hearing on the Objection at which the Chapter 13 Trustee and Debtors' attorney attended in person, and attorneys for Ocwen attended by telephone.

The district court has jurisdiction over this Chapter 13 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11.  It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio.  Proceedings involving allowance or disallowance of claims  are core proceedings that the court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(B).  For the reasons that follow, Debtors' Objection will be sustained.

## FACTUAL BACKGROUND

Debtors filed a joint petition for relief under Chapter 13 of the Bankruptcy Code on September 30, 2015. Ocwen is listed on Debtors' Schedule D as holding a claim secured by the property at 2305 Applewood Drive, Toledo, Ohio, [Doc. # 8, p. 9/51], which is their residence, [Doc. # 1, p. 1/9; Doc. # 51, p. 2/18]. The Bankruptcy Noticing Center Certificate of Notice shows that a Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines ("Notice") was transmitted to Ocwen by facsimile on October 2, 2015. [Doc. # 5]. The Notice states that the meeting of creditors would be held on November 5, 2015, and that the deadline for all creditors except governmental units to file a proof of claim was February 3, 2016. Ocwen did not file a proof of claim by this date and does not contend that it did not receive the Notice of Meeting of Creditors.

Debtors filed a plan setting forth their proposed treatment of Ocwen's secured claim, [Doc. ## 9],[1] indeed treatment to which Ocwen objected in writing, [Doc. # 32]. On April 12, 2016, the court held a hearing (one of several) on confirmation of a proposed Chapter 13 plan filed by Debtors. Counsel for Ocwen attended the hearing by telephone. As discussed at the hearing, on April 15, 2016, the court entered an order extending the bar date for Ocwen to file a proof of claim to May 12, 2016, "in order to promote the just and efficient resolution of this case...." [Doc. # 54]. The order provides that if Ocwen fails to file a proof of claim by that date, "the amount required to satisfy and pay in full its mortgage on Debtor's real estate in this case and through Debtor's plan will be determined in accordance with a claim to be filed by Debtors, which amount will be binding for all purposes on Ocwen, its predecessors, successors and assigns in full satisfaction of its mortgage." [Id.]. Ocwen still did not file a proof of claim.

On May 16, 2016, Debtors filed a proof of claim on Ocwen's behalf pursuant to § 501(c) of the Bankruptcy Code and an amended proof of claim on May 24, 2016.

Finally, on November 3, 2016, Ocwen filed its proof of claim, stating that it "does not amend one already filed." [Proof of Claim No. 35-1, question 4].

There are no factual disputes raised by the Objection and Ocwen's response to it. The basis of Debtors' Objection, and the sole issue that the court took under advisement, is their legal argument that Ocwen filed its proof of claim late.

## LAW AND ANALYSIS

Under § 501 of the Bankruptcy Code, any creditor may file a proof of claim. 11 U.S.C. § 501(a).

---

[1]Debtors have since amended their proposed plan several times.

2

A proof of claim that is filed in accordance with § 501 is deemed allowed unless a party in interest objects. *See* 11 U.S.C. § 502(a). Under § 502(b), with certain exceptions not applicable in this case, if an objection to a claim is made, the court shall determine the amount of the claim as of the date the petition was filed and allow the claim "except to the extent that . . . proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9). According to Debtors, Ocwen's proof of claim was not timely filed as it was filed outside the deadline for filing set forth in Rule 3002 of the Federal Rules of Bankruptcy Procedure and over five months after the deadline set forth in this court's April 15, 2016, order.

Rule 3002, entitled "Filing Proof of Claim or Interest," provides in relevant part as follows:

**(a) Necessity for filing**
An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.
. . . .

**(c) Time for filing**
In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code. . . .

Fed. R. Bankr. P. 3002(a) & (c). Rule 3002(c) also includes a list of circumstances that permit a court to enlarge the deadline for filing a proof of claim, none of which apply in this case. Fed. R. Bankr. P. 3002(c)(1) - (6). Bankruptcy Rule 9006(b) provides that the court may enlarge the time for taking action under Rule 3002(c) "only to the extent and under the conditions stated in [that] rule[]." Fed. R. Bankr. P. 9006(b)(3).

While any creditor *may* file a proof of claim, 11 U.S.C. § 501(a), Rule 3002(a) *requires* only unsecured creditors to file a proof of claim for the claim to be allowed. A secured creditor in a chapter 13 case may, but is not required to, file a proof of claim. *In re Oudomsouk*, 483 B.R. 502, 507 (M.D. Tenn. 2012). Instead, a secured creditor may choose not to participate in the bankruptcy case and, generally speaking, after the bankruptcy case is concluded, look to its lien for satisfaction of the debt to the extent of its *in rem* rights. *Id.; Matteson v. Bank of Am., N.A. (In re Matteson)*, 535 B.R. 156, 161-63 (B.A.P. 6th Cir. 2015). But if a secured creditor wishes to participate and receive distributions in a Chapter 13 case, a proof of claim must be filed. *In re Pajian*, 785 F.3d 1161, 1163 (7th Cir. 2015); *Matteson*, 535 B.R. at 163.

Courts disagree, however, on whether the Rule 3002(c) filing deadline applies to proofs of claim

3

filed by secured creditors. Some courts have concluded that it does not apply since secured creditors are not mentioned in Rule 3002(a). *See, e.g., In re Harris*, 64 B.R. 717, 718-19 (Bankr. D. Conn. 1986); *In re Hudson*, 260 B.R. 421, 431, 438 (Bankr. W.D. Mich. 2001) (citing Rule 3002(a) and (c) and stating that neither the Bankruptcy Code nor the Rules impose any deadline for filing a secured claim but that there is some point after which it will be too late to file a proof of claim); *In re Moehring*, 485 B.R. 571, 582-83 (Bankr. S.D. Ohio 2013) (citing *In re Hudson* and finding that the deadline does not apply). At least one court has reasoned that "because a secured creditor is not required, at all, to file a proof of claim, it can hardly be concluded that a proof of claim filed by a secured creditor can be disallowed because it is not timely." *In re Babbin*, 164 B.R. 157, 163 (Bankr. D. Colo. 1994). Other courts have concluded that Rule 3002(c) applies to all creditors, including secured creditors, noting that subsection (c) makes no distinction between secured and unsecured creditors. *See, e.g., In re Pajian*, 785 F.3d at 1164-65; *In re Kelley*, 259 B.R. 580, 584-85 (Bankr. E.D. Tex. 2001); *In re Baucek*, 280 B.R. 533, 537 (Bankr. D. Kan. 2002).

In finding Rule 3002(c) applicable to secured creditors, the Seventh Circuit Court of Appeals considered the fact that subsection (c), "on its face, applies to any 'proof of claim'" without distinguishing between secured and unsecured claims and that the exceptions to the filing deadline in that subsection "mention[] both 'claim[s]' and 'unsecured claim[s].'" *In re Pajian*, 785 F.3d at 1164 (comparing Fed. R. Bankr. P. 3002(c)(3), which under certain circumstances, excepts from the deadline a proof of claim for "an unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment") *with* Fed. R. Bankr. P. 3002(c)(4), which excepts a "claim arising from the rejection of an executory contract . . ."). The court concluded that "the drafters knew how to distinguish between *all* claims and *unsecured* claims" *Id.* (emphasis in original). The court explained that subsection (a) of Rule 3002 "deals with a different topic" than subsection (c). *Id.* Rule 3002(a) deals with "who *must* file in order to collect on debts," while Rule 3002(c) deals with the filing deadline for any "proof of claim," not just an "unsecured creditor's proof of claim." *Id.* The court concluded that there is no reason why the limitation in subsection (a) should carry over to subsection (c). *Id.*; *accord In re Kelley*, 259 B.R. 580, 585 (Bankr. E.D. Tex. 2001).

The court in *In re Pajian* found support for its conclusion in considering principles of sound judicial administration.

> Requiring all creditors to file claims by the same date allows the debtor to craft and finalize a Chapter 13 plan without the concern that other creditors might swoop in at the last minute and upend a carefully constructed repayment schedule. If we held otherwise, secured creditors could wreak havoc on the ability of the debtor and the bankruptcy court to assemble and approve an effective plan. Each tardy filing from a secured creditor would likely require the debtor to file a modified plan, which would have to be served on all interested parties and

4

considered by the court. All this would often lead to disruptive delays in plan confirmation hearings and would ultimately hinder the bankruptcy court's ability to manage its docket.

*In re Pajian*, 785 F. 3d at 1164. It found further support in the recent proposal of the United States Judicial Conference's Advisory Committee on Bankruptcy Rules to amend Rule 3002(a) to clarify that a secured creditor must file a proof of claim in order to have an allowed claim. *Id.* at 1165.

This court finds the reasoning in *In re Pajian* persuasive. Beyond its well-reasoned analysis of the applicable Bankruptcy Code sections and Bankruptcy Rules, the administrative complications and delays envisioned by the Seventh Circuit when a residential mortgage holder fails to file timely a proof of claim in a Chapter 13 case ring true in this and other Chapter 13 cases in this court. *See In re Brown*, 559 B.R. 704, 710 (Bankr. N.D. Ind. 2016)("The inability to get timely and accurate information concerning the amounts due residential mortgage holders, and their failure to file claims, creates major problems for the chapter 13 debtor.").

In addition, the court has considered the interplay of Rule 3004 of the Federal Rules of Bankruptcy Procedure with the Rule 3002(c) filing deadline. Rule 3004 permits a Chapter 13 debtor to file a proof of claim on a creditor's behalf, but only "if the creditor does not timely file a proof of claim under Rule 3002(c)." Fed. R. Bankr. P. 3004. Rule 3004 makes no distinction between unsecured creditors and secured creditors. It only refers to "a creditor." Absent the Rule 3002(c) filing deadline being applicable to a secured creditor, where a secured creditor does not file a claim, a debtor would be unable to file a claim on the creditor's behalf and utilize a Chapter 13 plan to cure a default and maintain payments on the secured claim pursuant to 11 U.S.C. § 1322(b)(5), which is often the primary reason for seeking relief under Chapter 13. *See* Fed. R. Bankr. P. 3021 (providing that "after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed"); 11 U.S.C. § 502(a) (providing for allowance of claims, "proof of which is filed under section 501").

For all of the foregoing reasons, the court concludes that the better interpretation of Rule 3002(c) is that the ninety-day filing deadline in that subsection applies to secured as well as unsecured creditors. There is no dispute that Ocwen filed its proof of claim outside the Rule 3002(c) deadline. The first date set for the meeting of creditors was November 5, 2015, such that the deadline to file a proof of claim was February 3, 2016. Notwithstanding receiving notice of the deadline, Ocwen did not file its proof of claim until November 3, 2016, more than a year after the case was commenced. While in retrospect the court questions its authority to enter the April 15, 2016, order extending the bar date for Ocwen to file a proof of claim to May 12, 2016, *see* Fed. R. Bankr. P. 9006(b)(3), Ocwen also did not comply with that order. As

5

Ocwen's proof of claim was not timely filed, it will not be allowed.  *See* 11 U.S.C. § 502(b)(9).

The court will enter a separate order in accordance with this Memorandum of Decision.

###